UNITED STATED DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

**02-73905**

EDWARD P. MANTURUK, a Vermont resident,

      Plaintiff,

v.

**PAUL D. BORMAN**

JAMES R. CHAFFEE, CLU, LIC, LUTCF,
General Agent, a Michigan resident,
CHAFFEE & ASSOCIATES, an unknown Michigan
entity, MIDLAND NATIONAL LIFE INSURANCE
COMPANY, an Iowa Corporation, AMERICAN INVESTORS
LIFE INSURANCE COMPANY, INC., a Kansas Corporation,
ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA,
a Minnesota corporation, and DOES 1-10, inclusive,

**MAGISTRATE JUDGE SCHEER**

      Defendants.

EUGENIA ZACKS-CARNEY, ESQ.
(California Bar #181811)
Attorney for Plaintiff
4555 Marlborough Road
Okemos, Michigan 48864
Telephone/Fax (517) 349-8813

COMPLAINT AND JURY DEMAND

There is no civil action between these parties or
other parties arising out of the transaction or
occurrence as alleged in the Complaint.

Eugenia Zacks-Carney
(California Bar #181811)

COMPLAINT AND JURY DEMAND - 1

## BACKGROUND

The Plaintiff, EDWARD P. MANTURUK, by and through his attorney, EUGENIA ZACKS-CARNEY, makes this Complaint against the Defendants, JAMES R. CHAFFEE, CLU, LIC, LUTCF, General Agent, CHAFFEE & ASSOCIATES, MIDLAND NATIONAL LIFE INSURANCE COMPANY, AMERICAN INVESTORS LIFE INSURANCE COMPANY, INC., ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA, and DOES 1-10, inclusive, stating as follows:

## THE PARTIES

1.  Plaintiff, EDWARD P. MANTURUK, (hereinafter "MANTURUK") is a Vermont resident residing in LaMoille County.

2.  Defendant, JAMES R. CHAFFEE, (hereinafter "CHAFFEE")is a dual resident of Michigan and Florida.

3.  Defendant CHAFFEE & ASSOCIATES, is an unknown Michigan entity, believed and thereon alleged to be domiciled in Michigan with its principal place of business in Shelby Township in Macomb County.

4.  Defendant MIDLAND NATIONAL LIFE INSRUANCE COMPANY, (hereinafter "MNL") is a publicly-held Iowa corporation, with its principal place of business in Sioux Falls, South Dakota, operating under NAIC #66044.

5.  Defendant ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA, (hereinafter "ALLIANZ") is a publicly-held Minnesota corporation, with its principal place of business in Minneapolis, Minnesota, operating under NAIC #90611.

6.  Defendant AMERICAN INVESTORS LIFE INSURANCE COMPANY, INC. (hereinafter "AMERICAN INVESTORS") is a publicly-held Kansas corporation with its principal place of business in Topeka, Kansas, operating under NAIC #60631.

7.  Defendants CHAFFEE and CHAFFEE & ASSOCIATES are sometimes referred to, collectively, as "Defendant agents" in this Complaint.

8.  Defendants MNL, ALLIANZ, and AMERICAN INVESTORS, are sometimes referred to, collectively, as "Defendant insurance companies" in this Complaint.

## JURSIDICTION AND VENUE

9.  This Court has personal jurisdiction over the Defendants pursuant to 29 U.S.C. Section 1132(e) (2) as each of the Defendants may be found in the State of Michigan and has the requisite contacts with the United States and the State of Michigan.

10. Venue is appropriate in this Honorable Court under 28 U.S.C. Section 1391 and 29 U.S.C. Section 1132 (e)(2) as this action is brought in a judicial district in which two defendants reside or may be found at the time the action is commenced.  Further, at least some of the witnesses reside in the State of Michigan, including counties comprising the Eastern District of Michigan.

11. Defendant, DOES 1-10, inclusive,

12. The amount in controversy exceeds $75,000.00, exclusive of judgment interest, costs, and attorney fees.

13. Subject matter jurisdiction is conferred upon this Honorable Court based on absolute diversity of citizenship.  The subject matter jurisdiction is further conferred on this Honorable Court under 15 USC Sections 80b-1 et seq. (commonly known as the "Investment Advisers Act")

**COMMON ALLEGATIONS**

14. On or about 1982, MANTURUK met CHAFFEE when CHAFFEE was assigned to take over and service a life insurance policy purchased by MANTURUK through a previous agent who had since passed away.

15. Defendant Chaffee represents several insurers in dealing with insurance transactions with customers creating an agency relationship with the insurer.

16. During the term of the relationship, CHAFFEE visited MANTURUK both at home and at work.  MANTURUK trusted CHAFFEE to purchase other insurance policies on his behalf, including a homeowner's policy, health insurance policies, and vehicle insurance policies.

17. During one of these meetings in 1986 or 1987, CHAFFEE raised the subject of single deposit life insurance, whereby money could be put into an insurance program before taxes and the policyholder could withdraw 10% per year without penalty.  CHAFFEE inquired how much MANTURUK and MANTURUK's company had in assets.  MANTURUK disclosed this information in confidence.

18. CHAFFEE offered to invest these assets for MANTURUK.

19. MANTURUK explained that he wanted five funds established for educational purposes, one for each of his grandchildren.

20. MANTURUK also explained that he wanted three funds established as an estate planning vehicle to transfer money to his three sons during his lifetime.

21. Finally MANTURUK explained that he wanted a separate retirement fund for himself.

22. MANTURUK explained that he was a conservative investor because he had a) not taken a salary from the family-run company he had founded and therefore had no "cushion" of income to rely upon, b) due to oversight, had not funded the requisite quarters to draw from Social Security upon retirement, c) had no other security investments to fall back on, and d) had at least one bad investment experience with the stock market that made him risk-averse.

23. MANTURUK explained that he was not so concerned about high interest yields and, therefore, was interested in investments for these separate accounts with guaranteed fixed interest rates.

24. CHAFFEE assured MANTURUK that the insurance company annuity policies he sold could meet all of his requirements and that he only dealt with the "best" companies.

25. Based on the length of MANTURUK's relationship with CHAFFEE and these assurances, MANTURUK trusted CHAFFEE to invest his funds according to his requirements. MANTURUK agreed to invest in short-term annuities (hereinafter "Annuity Agreements") pursuant to the descriptions, illustrations, growth charts and tables, anticipating the ability to begin withdrawing percentages of the policies at the age of 59 ½ without incurring any penalties or surrender charges as explained by Defendant CHAFFEE.

26. Defendant CHAFFEE presented MANTURUK with blank forms from the various insurance companies. MANTURUK signed the blank forms and turned over the initial funds to invest in the policies as described by CHAFFEE, without questioning CHAFFEE's integrity to complete the forms accurately and according to what was agreed upon.

27.    MANTURUK and CHAFFEE had later conversations to assist CHAFFEE with
       completion of the forms, identifying the beneficiaries, and
       providing addresses and social security numbers of all the parties
       with beneficial interests in the annuities.

28.    MANTURUK did not receive copies of any of his policies at the time
       of sale, entrusting Defendants CHAFFEE and CHAFFEE & ASSOCIATES to
       keep and maintain his file.

29.    MANTURUK was unaware of 10- and 20- day review period imposed by the
       Defendant insurance companies to cancel, terminate, or rescind the
       policies from date of receipt until MANTURUK actually received the
       policy copies in 2002.

30.    Over the years, MANTURUK met with CHAFFEE in order to supplement the
       funding of the annuity policies.  MANTURUK invested over $950,000
       through CHAFFEE in this manner. Occasionally, CHAFFEE presented
       MANTURUK with a printed list of policies and their respective
       accumulated cash values as of the dates of their meetings. *(EXH1)*

31.    In Spring 2002, MANTURUK turned 59 ½.  MANTURUK, upon turning 59 ½,
       sought instruction for initiating regular withdrawals as his
       retirement income.

32.    MANTURUK requested copies of his policies from CHAFFEE some time in
       the Summer of 2002 in anticipation of his retirement.  Upon
       receiving these policies, MANTURUK noted multiple errors in the
       applications, including the identities of the parties with
       beneficial interests, as completed by CHAFFEE and CHAFFEE &
       ASSOCIATES, and the overall sloppiness in the manner in which they
       were completed.  MANTURUK also noted the interest rate guarantees

were not as stated, and language regarding "flexible" and "variable"
as opposed to "fixed" rates were in the policies.

33. In July and August 2002, MANTURUK directly contacted Defendants
CHAFFEE and CHAFFEE & ASSOCIATES as well as DEFENDANTS MNL, ALLIANZ
and AMERICAN INVESTORS to seek direction in correcting the mistakes.

34. In August and September 2002, MANTURUK learned that many of the
mistakes could not be corrected, or could be corrected with
significant cost.

35. Most significantly, none of the policies were as represented upon
sale and none of the policies matched MANTURUK's clearly stated
requirements.

36. The policies purchased with MANTURUK's earnest deposits by CHAFFEE 7
CHAFFEE & ASSOCIATES had nine (9) and ten (10) year payout *period*
requirements that did not meet any of MANTURUK's needs. Any
installments taken out before the nine (9) and ten (10) year payout
periods were subject to high penalties and surrender charges,
regardless of MANTURUK's age.

37. MANTURUK further learned from MNL, ALLIANZ, and AMERICAN INVESTORS
that the policies MANTURUK thought were purchased on his behalf did
exist at the time of sale, but were ignored. MANTURUK also learned
that the policies that MANTURUK sought did not offer as much
commission for the selling agents, Defendants CHAFFEE and CHAFEE &
ASSOCIATES.

38. Based on the totality of events and knowledge recently obtained,
MANTURUK has reason to believe that the defendant agents lied, gave
bad information, made false promises of high, fixed returns, failed

to disclose associated risks, failed to honor the needs of the
customer, failed to safe-guard the customer's investments, gave bad
financial advice, invested in inappropriate investments, locked up
customer's money for years, and put the customer in a position of
having to pay high surrender charges to get out early.

39.  MANTURUK is thus faced with the choice of either lack of access to
much needed retirement income or potentially surrendering the
accrued values in the policies at a substantial loss.

COUNT I

**BREACH OF FIDUCIARY DUTY**

**(as against Defendants CHAFFEE and CHAFFEE & ASSOCIATES only)**

40.  MANTURUK was accustomed to being guided by the judgment and advice
of Defendant agents.

41.  Defendant CHAFFEE had a C.L.U. designation and MANTURUK was
justified in placing confidence in the belief that Defendant CHAFFEE
would act in his interest.

42.  MANTURUK shared both personal and business confidential information
with Defendant CHAFFEE during their lengthy relationship.

43.  Defendant CHAFFEE, acting as an individual, as a managing agent for
the principal, Defendant CHAFFEE & ASSOCIATES, and in the line and
scope of his employment as an authorized agent for Defendants MNL,
ALLIANZ, and AMERICAN INVESTORS, owed a duty of care in advising and
consulting with MANTURUK regarding the purchase and sale of
annuities as a retirement investment vehicle.

44.  Defendant CHAFFEE, in these respective capacities, developed a
special relationship of trust with MANTURUK creating a fiduciary and
confidential relationship.

45.  Defendant CHAFFEE's conduct has rendered his principal, Defendant CHAFFEE & ASSOCIATES liable by breaching his fiduciary duty owed to MANTURUK in relation to the sale of the Annuity Agreements.

46.  Defendant CHAFFEE in binding the Defendant insurance companies to the annuity policies selected for MANTURUK, put his own interest in obtaining higher commissions above the beneficial interests of his client, MANTURUK.

47.  Defendants CHAFFEE and CHAFFEE & ASSOCIATES thereafter fraudulently concealed the actual purchases made, by not notifying MANTURUK of the policies purchased, disclosing the terms of the policies when defendant agents knew MANTURUK was relying on the concealed facts, or providing copies of such policies at the time of sale.

48.  Defendant agents knew that MANTURUK was ignorant of the facts and did not have an equal opportunity to discover the truth.

49.  As a direct and proximate result of these acts, Defendants breached their fiduciary duty owed to MANTURUK.

50.  MANTURUK incurred damages, as a direct and proximate cause of having paid unnecessary premiums for improperly purchased annuities.

51.  WHEREFORE, Plaintiff, EDWARD P. MANTURUK, respectfully requests that this Honorable Court grant the following relief:

A.  Enter Judgment in favor of MANTURUK and against Defendants, in whatever amount Plaintiff is found to be entitled;

B.  Award Plaintiff his reasonable costs and attorney fees, together with judgment interest, which were so needlessly incurred as a result of Defendants' breach;

C.  Award whatever additional and alternate relief this Honorable Court deems appropriate, under the facts and circumstances presented.

COUNT II

**BREACH OF CONTRACT**
**(as against all Defendants)**

52. The Plaintiff, EDWARD P. MANTURUK, hereby incorporates by reference the foregoing paragraphs 1 through 51, as though fully set forth herein, and making this Count II, states as follows:

53. MANTURUK and Defendants entered into the contracts referenced above as the Annuity Agreements.

54. MANTURUK was entitled to the short-term five-year policies contemplated under the Annuity Agreements.

55. Defendants collected premiums from MANTURUK in consideration of the Annuity Agreements.

56. Defendants breached the Annuity Agreements.

57. MANTURUK incurred damages, as a direct and proximate result of the breaches of the Annuity Agreements by Defendants.

58. MANTURUK is entitled to the sum of over $1,200,000.00, as compensatory damages, together with consequential and exemplary damages, plus in posted interest on all outstanding amounts.

59. WHEREFORE, Plaintiff, EDWARD P. MANTURUK, respectfully requests that this Honorable Court grant the following relief:

a. Enter Judgment in favor of MANTURUK and against Defendants, in whatever amount Plaintiff is found to be entitled;

b. Award Plaintiff his reasonable costs and attorney fees, together with judgment interest, which were so needlessly incurred as a result of Defendants' breach;

c. Award whatever additional and alternate relief this Honorable Court deems appropriate, under the facts and circumstances presented.

COUNT III
**VIOLATIONS OF THE INVESTMENT ADVISERS ACT**
**PURSUANT TO 15 U.S.C. Sections 80b-1 et seq.**
*(as against Defendants CHAFFEE and CHAFFEE & ASSOCIATES only)*

60. The Plaintiff, EDWARD P. MANTURUK, hereby incorporates by reference the foregoing paragraphs 1 through 59, as though fully set forth herein, and making this Count III, states as follows:

61. Since approximately 1987, Plaintiff MAUNTURUK has been an annuity client of Defendants CHAFFEE and CHAFFEE & ASSOCIATES, receiving advice from CHAFFEE and CHAFFEE & ASSOCIATES regarding the purchase of annuities.

62. Defendants CHAFFEE, as managing agent, and CHAFFEE & ASSOCIATES, as principal, are engaged formally in the business of selling insurance, but also serve as investment advisers within the meaning of 202(a)(11) of the Investment Advisers Act of 1940.

63. In providing investment advice through the agency relationship, Defendants engage in the business of advising others, directly and through publications or writings, for compensation, as to the advisability of investing in, and purchasing various securities, including annuities, such as those underwritten by Defendants MNL, ALLIANZ and AMERICAN INVESTORS.

64. Defendants CHAFFEE and CHAFFEE & ASSOCUATES made use of the mails and other instrumentalities of interstate commerce in connection with their business as investment advisers in selling and processing applications for the sale of such annuities.

65. Plaintiff MANTURUK is informed and believes, and therefore alleges, that CHAFFEE and CHAFFEE & ASSOCIATES has had at least fifteen (15) clients within the last twelve (12) month period.

66. Defendants CHAFFEE and CHAFFEE & ASSOCIATES directly or indirectly, employed a device, scheme, or artifice or practice that is

fraudulent, deceptive and manipulative to induce MANTURUK into purchasing long-term annuities.

67. Defendants CHAFFEE and CHAFFEE & ASSOCIATES directly or indirectly, acted as principals for their own account and as a broker, knowingly without disclosing to MANTURUK in writing before the completion of any of the Annuity Agreements the capacity in which they were acting and without obtaining the consent of MANTURUK to such transaction.

68. Defendants CHAFFEE and CHAFFEE & ASSOCIATES willfully made untrue statements of material facts.

69. WHEREFORE, Plaintiff, EDWARD P. MANTURUK, respectfully requests that this Honorable Court grant the following relief:

   a. Enter Judgment in favor of MANTURUK and against Defendants, in whatever amount Plaintiff is found to be entitled;

   b. Award Plaintiff his reasonable costs and attorney fees, together with judgment interest, which were so needlessly incurred as a result of Defendants' breach;

   c. Award whatever additional and alternate relief this Honorable Court deems appropriate, under the facts and circumstances presented.

COUNT IV
COMMON LAW FRAUD
(as to all named Defendants)

70. The Plaintiff, EDWARD P. MANTURUK, hereby incorporates by reference the foregoing paragraphs 1 through 69, as though fully set forth herein, and making this Count IV, states as follows:

71. Defendants CHAFFEE and CHAFFEE & ASSOCIATES, in their various capacities, made material representations regarding the beneficial interests, type of policies, payout terms and conditions, and

guarantees related to the sale of annuities that were false and
misleading.

72. Defendants CHAFFEE and CHAFFEE & ASSOCIATES also made material
omissions regarding the characteristics and types of policies he was
selling where he had a duty to disclose such information to
MANTURUK.

73. Defendants CHAFFEE and CHAFFEE & ASSOCAITES also knowingly
fraudulently concealed material information after the purchase of
the policies by not providing copies of the policies to MANTURUK at
the time of sale and, in some cases, having MANTURUK sign delivery
receipts, in trust, signifying that the policies had been not only
received but were as represented.

74. Defendants CHAFFEE and CHAFFEE & ASSOCIATES had an additional duty
imposed on them as licensed insurance agents to speak and respond to
questions truthfully regarding the various policies.

75. Defendant insurance companies additionally failed to inform MANTURUK
as a policy owner of the pricing assumptions and payout periods in
the literature and illustrations presented by Defendant agents.

76. Defendant agents' oral representations exacerbated the misleading
tendencies of the policy illustrations, by ignoring and denying
penalty and surrender provisions, incorporating substantial mistakes
in the identity of parties in the applications, and then not
providing the copies of policies to MANTURUK timely.

77. The false and misleading statements, omissions, and acts were
regarding material facts related to MANTURUK's investment
requirements affecting MANTURUK's grandchildren's educational funds,
estate planning vehicles for his children, and his retirement
income.

78.  Defendant CHAFFEE and CHAFFEE & ASSOCIATES had the requisite scienter, with either knowledge of the falsity of the statements when made and knowledge of the requirement to disclose information not disclosed, or that the statements were asserted without knowledge of their truth, but were made with the intention that the statements be and were relied upon by MANTURUK.

79.  MANTURUK reasonably relied upon the statements and/or silence made by CHAFFEE and CHAFFEE & ASSOCIATES, exclusive of any independent research or knowledge, in investing in the policies as described to his detriment.

80.  MANTURUK, as a direct and proximate result of the statements and omissions made in connection with the purchase and sale of the policies, incurred damages to his detriment.

WHEREFORE, Plaintiff, EDWARD P. MANTURUK, respectfully requests that this Honorable Court grant the following relief:

A.  Enter Judgment in favor of MANTURUK and against Defendants, in whatever amount Plaintiff is found to be entitled;

B.  Award Plaintiff his reasonable costs and attorney fees, together with judgment interest, which were so needlessly incurred as a result of Defendants' breach;

C.  Award whatever additional and alternate relief this Honorable Court deems appropriate, under the facts and circumstances presented.

## COUNT V
### INJUNCTIVE RELIEF
### (as against all named Defendants)

81.  The Plaintiff, EDWARD P. MANTURUK, hereby incorporates by reference the foregoing paragraphs 1 through 80, as though fully set forth herein, and making this Count V, states as follows:

82. MANTURUK has notified Defendant that Defendants are in default of their obligations under the Annuity Agreements, and the notice was provided pursuant to the Annuity Agreements.

83. Defendants did not cure their default within the time specified in the Annuity Agreements.

84. MANTURUK has deemed the Annuity Agreements canceled, pursuant to the terms and conditions of the Annuity Agreement.

85. Defendants rights to the funds invested in the Annuity Agreements have terminated.

86. Defendant is without right or privilege to continue to use the invested annuity funds.

87. MANTURUK is entitled to possession of the invested annuity funds.

88. Defendants continue to profit or to otherwise earn revenue from their use of the invested annuity funds. Defendants hold such profits, revenues, and/or commissions in constructive trust for MANTURUK from and after the date of Defendants' default under the Annuity Agreements, until such time as the invested annuity funds are returned to MANTURUK and Defendants have discontinued their use of the invested annuity funds.

89. MANTURUK has been damaged, as a result of the wrongful use by Defendants of the invested annuity funds, subsequent to the default under the Annuity Agreements.

90. MANTURUK is without an adequate remedy at law to compensate him for the wrongful retention and use of the invested annuity funds by Defendants, inasmuch as the invested annuity funds provided a source of retirement income to the holder of the invested annuity funds.

91. The issuance of a preliminary injunction and a permanent injunction is necessary to prevent the continued harm caused by the wrongful holding of the invested annuity funds by Defendants.

92.  The relative harm to MANTURUK in the absence of an injunction is greater than the relative harm to Defendants if an injunction is issued.

93.  MANTURUK can demonstrate a strong likelihood of success on the merits of this action.

94.  Defendants will not be harmed by the issuance of an injunction, inasmuch as Defendants agreed in the Annuity Agreements that MANTURUK would be entitled to the return and possession of the invested annuity funds, in the event of a default by Defendants.

95.  WHEREFORE, Plaintiff, MANTURUK, respectfully requests this Honorable Court to grant the following relief:

A. Enter Judgment in favor of MANTURUK and against Defendants, in whatever amount Plaintiff is found to be entitled; for profits, revenues and/or commissions wrongfully earned by Defendants through its wrongful use of the invested annuity funds;

B. Issue a preliminary injunction barring Defendants from use of the invested annuity funds during pendency of this action;

C. Issue an preliminary injunction ordering Defendants to surrender to MANTURUK possession of the invested annuity funds without imposition of penalties, surrender fees, or other costs and including all interest earned to date under the Annuity Agreements

D. Award Plaintiff his reasonable costs and attorney fees, together with judgment interest, which were so needlessly incurred as a result of Defendants' breach;

E. Award whatever additional and alternate relief this Honorable Court deems appropriate, under the facts and circumstances presented.

//

//

Respectfully submitted,

EUGENIA ZACKS-CARNEY, ESQ.
(Cal. Bar 181811)
Attorney for Plaintiff
4555 Marlborough Road
Okemos, MI 48864
Telephone/Fax (517) 349-8813

Dated: September 27, 2002

## JURY DEMAND

The Plaintiff, EDWARD P. MANTURUK, by and through his attorney, Eugenia Zacks-Carney, Esq., hereby demands a trial by jury of all claims which may be so tried.

Respectfully submitted,

EUGENIA ZACKS-CARNEY, ESQ.
(Cal. Bar 181811)
Attorney for Plaintiff
4555 Marlborough Road
Okemos, MI 48864
Telephone/Fax (517) 349-8813

Dated: September 27, 2002

## PRESENT VALUES FOR EDWARD MANTURUK
## AUGUST 2002

| Company | ISSUE DATE | Policy # | Policy Type | Original Deposit | Gross Accum Value | Current interest crediting |
|---|---|---|---|---|---|---|
| **EDWARD** | | | | | | |
| Midland | Aug/01 | 85C0003u733 | Annuity | $29,767 | $32,793 | 5.00% |
| | Oct/01 | 5500042814 | Annuity | $135,599 | $148,363 | 5.00% |
| | | | | | | |
| **Allianz** | | | | | | |
| Edward | Jan/99 | 5797872 | Annuity | $123,300 | $155,082 | 3.75% |
| Edward | Nov/99 | 6199722 | Annuity | $117,700 | $147,204 | 4.75% |
| Edward | Jan/99 | 5797917 | Bonus Annuity | $100,000 | $125,776 | 4.75% |
| | | | | | | |
| **American Investors** | | | | | | |
| Edward | sep/96 | 287141 | Annuity | $143,096 | $181,349 | xchanging |
| Edward | jan/94 | 291294 | Annuity | $114,960 | $144,415 | xchanging |
| **CHILDREN** | | | | | | |
| Midland | | | | | | |
| Tim | Feb/97 | 1502151032 | Annuity | $20,000 | $37,911 | 3.75% |
| Chris | Feb/97 | 1502158185 | Annuity | $20,000 | $37,911 | 4.75% |
| Eric | Feb/97 | 1502151031 | Annuity | $20,000 | $37,911 | 4.75% |
| **GRANDCHILDREN** | | | | | | |
| Allianz | | | | | | |
| Tristan | Oct/99 | $6,185,361.00 | Bonus Annuity | $20,000.00 | $24,941.00 | $0.00 |
| Michael | Oct/99 | 6216196 | Bonus Annuity | $20,000 | $24,941 | 4.70% |
| Tamara | Oct/99 | 6216204 | Bonus Annuity | $20,000 | $24,975 | 6.75% |
| Trevor | Oct/99 | 6216210 | Bonus Annuity | $20,000 | $24,975 | 4.75% |
| Transamerica | | | | | | |
| Elizabeth | Nov/00 | 7397885 | Annuity | $20,850 | $24,027 | |
| **OTHERS** | | | | | | |
| Allianz | | | | | | |
| Dillon | Oct/99 | 6175427 | Bonus Annuity | $10,000 | $12,572 | 5.00% |
| Sean | Oct/99 | 6175426 | Bonus Annuity | $10,000 | $12,572 | 5.00% |

|  |  |
|---|---|
| EDWARD GR VALUE: | $934,987 |
| ALL OTHERS': | $263,236 |
| PAGE TOTAL | $1,198,218 |