UNITED STATED DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

EDWARD P. MANTURUK, a Vermont resident,

        Plaintiff,

v.

JAMES R. CHAFFEE, CLU, LIC, LUTCF,
General Agent, a Michigan resident,
CHAFFEE & ASSOCIATES, an unknown Michigan
entity, MIDLAND NATIONAL LIFE INSURANCE
COMPANY, an Iowa Corporation, AMERICAN INVESTORS
LIFE INSURANCE COMPANY, INC., a Kansas Corporation,
ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA,
a Minnesota corporation, and DOES 1-10, inclusive,

        Defendants.

*Case No. 02-73905*

*Judge Paul D. Borman*

---

EUGENIA ZACKS-CARNEY, ESQ.
(California Bar #181811)
Attorney for Plaintiff
4555 Marlborough Road
Okemos, Michigan  48864
Telephone/Fax  (517) 349-8813

---

## FIRST AMENDED COMPLAINT

### BACKGROUND

The Plaintiff, EDWARD P. MANTURUK, by and through his attorney, EUGENIA

ZACKS-CARNEY, makes this Complaint against the Defendants, JAMES R. CHAFFEE,

CLU, LIC, LUTCF, General Agent, CHAFFEE & ASSOCIATES, MIDLAND NATIONAL LIFE

INSURANCE COMPANY, AMERICAN INVESTORS LIFE INSURANCE COMPANY, INC.,

FIRST AMENDED COMPLAINT - 1

ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA, and DOES 1-10, inclusive, stating as follows:

## THE PARTIES

1.  Plaintiff, EDWARD P. MANTURUK, (hereinafter "MANTURUK") is and was a resident of Vermont (residing in LaMoille County since 1998) and was a resident of Michigan (residing in Eaton County prior to 1998) during all times pertinent herein.

2.  Defendant, JAMES R. CHAFFEE, (hereinafter "CHAFFEE")is and was a resident of Michigan and Florida, is and was a licensed insurance agent in Michigan during all times pertinent herein, and is and was acting under color of that capacity and all acts complained of were in furtherance of the causes of action alleged, and was intended to and did cause precatory acts of self-dealing intended to and did cause harm to plaintiff during all times pertinent herein.

3.  Defendant CHAFFEE & ASSOCIATES, is an unknown Michigan entity, informed, believed and thereon alleged to be domiciled in Michigan with its principal place of business in Shelby Township in Macomb County.

4.  At all times relevant hereto, Defendant JAMES R. CHAFFEE was an employee of CHAFFEE & ASSOCIATES, and was acting within the scope of his employment.

5.  Defendant MIDLAND NATIONAL LIFE INSRUANCE COMPANY, (hereinafter "MNL") is a publicly-held Iowa corporation, with its principal place of business in Sioux Falls, South Dakota, operating under NAIC #66044.

6.  Defendant ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA, (hereinafter "ALLIANZ") is a publicly-held Minnesota corporation,

with its principal place of business in Minneapolis, Minnesota, operating under NAIC #90611.

7. Defendant AMERICAN INVESTORS LIFE INSURANCE COMPANY, INC. (hereinafter "AMERICAN INVESTORS") is a publicly-held Kansas corporation with its principal place of business in Topeka, Kansas, operating under NAIC #60631.

8. Defendants DOES 1-10, inclusive, are agents, employees, independent contractors, assignees, representatives, auditors of, associates with, or otherwise cooperating with Defendants CHAFFEE and/or CHAFFEE & ASSOCIATES and/or Defendants MNL, ALLIANZ, and/or AMERICAN INVESTORS at all times relevant herein. Plaintiff does not know the true identities of these individuals and will ask leave of the court to amend this Complaint once their identities are ascertained.

9. Defendants CHAFFEE and CHAFFEE & ASSOCIATES are sometimes referred to, jointly and severally, as "Defendant agents" in this Complaint.

10. Defendants MNL, ALLIANZ, and AMERICAN INVESTORS, are sometimes referred to, collectively, as "Defendant insurance companies" in this Complaint.

### JURSIDICTION AND VENUE

11. This Court has personal jurisdiction over the Defendants pursuant to 29 U.S.C. Section 1132(e)(2) as each of the Defendants may be found in the State of Michigan and has the requisite contacts with the United States and the State of Michigan.

12. Venue is appropriate in this Honorable Court under 28 U.S.C. Section 1391 and 29 U.S.C. Section 1132 (e)(2) as this action is brought in a judicial district in which two defendants reside or may be found at the time the action is commenced. Further, at least some of the witnesses reside in the State of Michigan, including counties comprising the Eastern District of Michigan.

FIRST AMENDED COMPLAINT - 3

13.   The amount in controversy exceeds $75,000.00, exclusive of judgment-
      interest, costs, and attorney fees.

14.   Subject matter jurisdiction is conferred upon this Honorable Court
      based on absolute diversity of citizenship.  The subject matter
      jurisdiction is further conferred on this Honorable Court under 15 USC
      Sections 80b-1 et seq. (commonly known as the "Investment Advisers Act").

15.   This court has pendent jurisdiction over those claims asserted herein
      that arise under the laws of the State of Michigan.

<u>**COMMON ALLEGATIONS**</u>

16.   On or about 1982, MANTURUK met CHAFFEE when CHAFFEE was assigned
      to take over and service a life insurance policy purchased by MANTURUK
      through a previous agent who had since passed away.

17.   Defendant Chaffee represents several insurers in dealing with
      insurance transactions with customers creating an agency relationship with
      the insurer.

18.   During the term of the relationship, CHAFFEE visited MANTURUK
      both at home and at work.  MANTURUK trusted CHAFFEE to purchase other
      insurance policies on his behalf, including a homeowner's policy, health
      insurance policies, and vehicle insurance policies.

19.   During one of these meetings in 1986 or 1987, CHAFFEE raised the
      subject of single deposit life insurance, whereby money could be put into
      an insurance program before taxes and the policyholder could withdraw 10%
      per year without penalty.  CHAFFEE inquired how much MANTURUK and
      MANTURUK's company had in assets.  MANTURUK disclosed this information in
      confidence.

FIRST AMENDED COMPLAINT - 4

20.     CHAFFEE offered to invest these assets for MANTURUK and continued to meet with MANTURUK frequently over the years.

21.     MANTURUK explained that he wanted funds established for educational purposes, one for each of his grandchildren.

22.     MANTURUK also explained that he wanted three funds established as an estate planning vehicle to transfer money to his three sons during his lifetime.

23.     Finally MANTURUK explained that he wanted a separate retirement fund for himself.

24.     MANTURUK explained that he was a conservative investor because he had a) not taken a salary from the family-run company he had founded and therefore had no "cushion" of income to rely upon, b) due to oversight, had not funded the requisite quarters to draw from Social Security upon retirement, c) had no other security investments to fall back on, and d) had at least one bad investment experience with the stock market that made him risk-averse.

25.     MANTURUK explained that he was not so concerned about high interest yields and, therefore, was interested in investments for these separate accounts with guaranteed fixed interest rates.

26.     CHAFFEE assured MANTURUK that the insurance company annuity policies he sold could meet all of his requirements and that he only dealt with the "best" companies.

27.     Based on the length of MANTURUK's relationship with CHAFFEE and these assurances, MANTURUK trusted CHAFFEE to invest his funds according to his requirements.  MANTURUK agreed to invest in short-term annuities (hereinafter "Annuity Agreements") pursuant to the descriptions,

FIRST AMENDED COMPLAINT - 5

illustrations, growth charts and tables, anticipating the ability to begin withdrawing percentages of the policies at the age of 59 ½ without incurring any penalties or surrender charges as explained by Defendant CHAFFEE.

28.     Defendant CHAFFEE presented MANTURUK with blank forms from the various insurance companies. MANTURUK signed the blank forms and turned over the initial funds to invest in the policies as described by CHAFFEE, without questioning CHAFFEE's integrity to complete the forms accurately and according to what was agreed upon.

29.     MANTURUK and CHAFFEE had later conversations to assist CHAFFEE with completion of the forms, identifying the beneficiaries, and providing addresses and social security numbers of all the parties with beneficial interests in the annuities.

30.     MANTURUK did not receive copies of any of his policies at the time of sale, entrusting Defendants CHAFFEE and CHAFFEE & ASSOCIATES to keep and maintain his file.

31.     MANTURUK was unaware of 10- and 20- day review period imposed by the Defendant insurance companies to cancel, terminate, or rescind the policies from date of receipt until MANTURUK actually received the policy copies in 2002.

32.     Over the years, MANTURUK met with CHAFFEE in order to supplement the funding of the annuity policies.  MANTURUK invested over $950,000 through CHAFFEE in this manner. Occasionally, CHAFFEE presented MANTURUK with a printed list of policies and their respective accumulated cash values as of the dates of their meetings.

33.    In Spring 2002, MANTURUK turned 59 ½.  MANTURUK, upon turning 59 ½, sought instruction for initiating regular withdrawals as his retirement income.

34.    In Spring 2002, MANTURUK made plans to close down his Michigan company at year's end, refrain from engaging in any other production contracts, allow long-term inventories of raw material to dwindle, advertise the sale of capital assets, and relieve his two sons employed at the company from day-to-day operations of the company.

35.    MANTURUK requested copies of his policies from CHAFFEE some time in July 2002 in anticipation of his retirement.  Upon receiving some of these policies, MANTURUK noted multiple errors in the applications, including the identities of the parties with beneficial interests, and the overall sloppiness in the manner in which they were completed.  MANTURUK also noted the interest rate guarantees were not as stated, and language regarding "flexible" and "variable" as opposed to "fixed" rates were in the policies.

36.    In July and August 2002, MANTURUK directly contacted Defendants CHAFFEE and CHAFFEE & ASSOCIATES as well as DEFENDANTS MNL, ALLIANZ and AMERICAN INVESTORS to seek direction in correcting the mistakes.

37.    In August and September 2002, MANTURUK learned that many of the mistakes could not be corrected, or could be corrected with significant cost.

38.    Most significantly, none of the policies were as represented upon sale and none of the policies matched MANTURUK's clearly stated requirements.

39.     The policies purchased with MANTURUK's earnest deposits by CHAFFEE and CHAFFEE & ASSOCIATES had nine (9), ten (10), and fourteen (14) year period payout requirements that did not meet any of MANTURUK's needs. Any installments taken out before the nine (9), ten (10) and fourteen (14) year payout periods were subject to high penalties and surrender charges, regardless of MANTURUK's age.

40.     MANTURUK further learned from MNL, ALLIANZ, and AMERICAN INVESTORS that the policies MANTURUK thought were purchased on his behalf did exist at the time of sale, but were ignored by CHAFFEE and CHAFFEE & ASSOCIATES.  MANTURUK also learned that the policies that MANTURUK sought did not offer as much commission for the selling agents, Defendants CHAFFEE and CHAFFEE & ASSOCIATES.

41.     Based on the totality of events and knowledge recently obtained, MANTURUK has reason to believe that the defendant agents lied, gave bad information; made false promises of high, fixed returns; failed to disclose associated risks; failed to honor the needs of the plaintiff; failed to safe-guard the plaintiff's investments; gave bad financial advice; invested in inappropriate investments; locked up plaintiff's money for years; and, put the plaintiff in a position of having to pay high surrender charges to get out early.

42.     MANTURUK is thus faced with the choice of either lack of access to much needed retirement income or potentially surrendering the accrued values in the policies at a substantial loss.

COUNT I
**BREACH OF FIDUCIARY DUTY**
**(as against Defendants CHAFFEE and CHAFFEE & ASSOCIATES only)**

FIRST AMENDED COMPLAINT - 8

43.     The Plaintiff, EDWARD P. MANTURUK, hereby incorporates by reference the foregoing paragraphs 1 through _42, as though fully set forth herein, and making this Count II, states as follows:

44.     MANTURUK was accustomed to being guided by the judgment and advice of Defendant agents.

45.     Defendant CHAFFEE had a C.L.U. designation and MANTURUK was justified in placing confidence in the belief that Defendant CHAFFEE would act in his interest.

46.     MANTURUK shared both personal and business confidential information with Defendant CHAFFEE during their lengthy relationship.

47.     In undertaking to consult with, and provide investment and financial advice to plaintiff, Defendant CHAFFEE, acting as an individual, as a managing agent for the principal, Defendant CHAFFEE & ASSOCIATES, and in the line and scope of his employment as an authorized agent for Defendants MNL, ALLIANZ, and AMERICAN INVESTORS, owed plaintiff a special duty to exercise reasonable and to provide care in a prudent and non-negligent manner regarding the purchase and sale of annuities as a retirement investment vehicle.

48.     Defendant CHAFFEE, in these respective capacities, developed a special relationship of trust with MANTURUK creating a fiduciary and confidential relationship.

49.     Defendant CHAFFEE's conduct as an individual, as an employee, and as an authorized agent, has rendered his principal, Defendant CHAFFEE & ASSOCIATES liable by breaching his fiduciary duty owed to MANTURUK in

relation to the sale of the Annuity Agreements and by failing to exercise reasonable care in advising upon and processing the Annuity Agreements.

50.     Defendant CHAFFEE in binding the Defendant insurance companies to the annuity policies selected for MANTURUK, put his own interest in obtaining higher commissions above the beneficial interests of his client, MANTURUK.

51.     Defendant CHAFFEE was, alternatively, grossly negligent and incompetent in the care in which he undertook to provide the Annuity Agreements contemplated to plaintiff.

52.     Defendants CHAFFEE and CHAFFEE & ASSOCIATES thereafter fraudulently concealed the actual purchases made which varied substantially from the agreements reached, by not notifying MANTURUK of the policies purchased, not disclosing the terms of the policies when defendant agents knew MANTURUK was relying on the concealed facts, nor providing copies of such policies at the time of sale.

53.     Defendant agents knew that MANTURUK was ignorant of the facts and did not have an equal opportunity to discover the truth.

54.     As a direct and proximate result of these acts, either grossly negligent, reckless,  and/or intentional, Defendants CHAFFEE & CHAFFEE & ASSOCIATES breached their fiduciary duty owed to MANTURUK.

55.     MANTURUK incurred damages, as a direct and proximate cause of having paid unnecessary premiums for improperly purchased annuities.

56.     WHEREFORE, Plaintiff, EDWARD P. MANTURUK, respectfully requests that this Honorable Court grant the following relief:

   A.    Enter Judgment in favor of MANTURUK and against Defendants, in
         whatever amount Plaintiff is found to be entitled;

   B.    Award Plaintiff his reasonable costs and attorney fees, together
         with judgment interest, which were so needlessly incurred as a
         result of Defendants' breach;

C.   Award whatever additional and alternate relief this Honorable
     Court deems appropriate, under the facts and circumstances
     presented.

### COUNT II
### BREACH OF CONTRACT
### (as against all Defendants)

57.   The Plaintiff, EDWARD P. MANTURUK, hereby incorporates by
reference the foregoing paragraphs 1 through 56 , as though fully set
forth herein, and making this Count II, states as follows:

58.   MANTURUK and Defendants entered into the contracts referenced
above as the Annuity Agreements.

59.   MANTURUK was entitled to the short-term, five-year policies
contemplated under the Annuity Agreements.

60.   Defendants collected premiums from MANTURUK in consideration of
the Annuity Agreements.

61.   Defendants breached the Annuity Agreements by completing
applications for processing with terms that were substantially and
materially different from the terms agreed upon.

62.   MANTURUK incurred damages, as a direct and proximate result of
the breaches of the Annuity Agreements by Defendants.

63.   MANTURUK is entitled to the sum of over $2,000,000.00, as
compensatory damages, together with consequential and exemplary damages,
plus posted interest on all outstanding amounts.

64.   WHEREFORE, Plaintiff, EDWARD P. MANTURUK, respectfully requests
that this Honorable Court grant the following relief:

     a. Enter Judgment in favor of MANTURUK and against Defendants, in
        whatever amount Plaintiff is found to be entitled;

b. Award Plaintiff his reasonable costs and attorney fees, together with judgment interest, which were so needlessly incurred as a result of Defendants' breach;

c. Award whatever additional and alternate relief this Honorable Court deems appropriate, under the facts and circumstances presented.

COUNT III
**VIOLATIONS OF THE INVESTMENT ADVISERS ACT**
**PURSUANT TO 15 U.S.C. Sections 80b-1 et seq.**
*(as against Defendants CHAFFEE and CHAFFEE & ASSOCIATES only)*

65.     The Plaintiff, EDWARD P. MANTURUK, hereby incorporates by reference the foregoing paragraphs 1 through 64, as though fully set forth herein, and making this Count III, states as follows:

66.     Since approximately 1987, Plaintiff MAUNTURUK has been an annuity client of Defendant agents , receiving advice from Defendant agents regarding the sale and purchase of annuities.

67.     Defendant- CHAFFEE, as managing agent, and CHAFFEE & ASSOCIATES, as principal, are engaged formally in the business of selling insurance, but in providing retirement planning services and annuity sales also serve as investment advisers within the meaning of 202(a)(11) of the Investment Advisers Act of 1940.

68.     In providing investment advice through the agency relationship, Defendants engage in the business of advising others, directly and through publications or writings, for compensation, as to the advisability of investing in, and purchasing various securities, including annuities, such as those underwritten by Defendants MNL, ALLIANZ and AMERICAN INVESTORS.

69.     Defendant agents  made use of the mails and other instrumentalities of interstate commerce in connection with their business

FIRST AMENDED COMPLAINT - 12

as investment advisers in selling and processing applications for the sale of said annuities.

70.     Plaintiff MANTURUK is informed and believes, and thereon alleges, that Defendant agents has had at least fifteen (15) clients within the last twelve (12) month period.

71.     Defendant agents directly or indirectly, employed a device, scheme, or artifice or practice that is fraudulent, deceptive and manipulative to induce MANTURUK into purchasing long-term annuities while making him believe that he was receiving short-term annuities.

72.     Defendant agents directly or indirectly, acted as principals for their own account and as a broker, knowingly without disclosing to MANTURUK in writing before the completion of any of the Annuity Agreements agreed upon the capacity in which they were acting and without obtaining the consent of MANTURUK to such transaction.

73.     Defendant agents in processing and mailing the pre-signed applications for plaintiff, thereby switching long-term policies for short-term policies for their own benefit in violation of the Investment Advisers Act.

74.     Defendant agents willfully made untrue statements of material facts.

75.     WHEREFORE, Plaintiff, EDWARD P. MANTURUK, respectfully requests that this Honorable Court grant the following relief:

> A. Enter Judgment in favor of MANTURUK and against Defendants, in whatever amount Plaintiff is found to be entitled;
>
> B. Award Plaintiff his reasonable costs and attorney fees, together with judgment interest, which were so needlessly incurred as a result of Defendants' breach;

C. Award whatever additional and alternate relief this Honorable
Court deems appropriate, under the facts and circumstances
presented.

COUNT IV
COMMON LAW FRAUD
(as to all named Defendants)

76.     The Plaintiff, EDWARD P. MANTURUK, hereby incorporates by
reference the foregoing paragraphs 1 through 75, as though fully set forth
herein, and making this Count IV, states as follows:

77.     Defendant agents in their various capacities, made material
representations regarding the beneficial interests, type of policies,
payout terms and conditions, and guarantees related to the sale of
annuities that were false and misleading.

78.     Defendant agents also made material omissions regarding the
characteristics and types of policies he was selling where he had a duty
to disclose such information to MANTURUK.

79.     Defendant agents also knowingly fraudulently concealed material
information after the purchase of the policies by not providing copies of
the policies to MANTURUK at the time of sale and, in some cases, having
MANTURUK sign delivery receipts, in trust, signifying that the policies
had been not only received but were as represented.

80.     Defendant agents had an additional duty imposed on them as
licensed insurance agents to speak and respond to questions truthfully
regarding the various policies.

81.     Defendant insurance companies additionally failed to inform
MANTURUK as a policy owner of the pricing assumptions and payout periods
in the literature and illustrations presented by Defendant agents.

FIRST AMENDED COMPLAINT - 14

82.     Defendant agents' oral representations exacerbated the misleading tendencies of the policy illustrations, by ignoring and denying penalty and surrender provisions, incorporating substantial mistakes in the identity of parties in the applications, and then not providing the copies of policies to MANTURUK timely.

83.     The false and misleading statements, omissions, and acts were regarding material facts related to MANTURUK's investment requirements affecting MANTURUK's grandchildren's educational funds, estate planning vehicles for his children, and his retirement income.

84.     Defendant agents had the requisite scienter, with either knowledge of the falsity of the statements when made and knowledge of the requirement to disclose information not disclosed, or that the statements were asserted without knowledge of their truth, but were made with the intention that the statements be and were relied upon by MANTURUK.

85.     MANTURUK reasonably relied upon the statements and/or silence made by Defendant agents , exclusive of any independent research or knowledge, in investing in the policies as described to his detriment.

86.     MANTURUK, as a direct and proximate result of the statements and omissions made in connection with the purchase and sale of the policies, incurred damages to his detriment.

87.     WHEREFORE, Plaintiff, EDWARD P. MANTURUK, respectfully requests that this Honorable Court grant the following relief:

> A.     Enter Judgment in favor of MANTURUK and against Defendants, in whatever amount Plaintiff is found to be entitled;
>
> B.     Award Plaintiff his reasonable costs and attorney fees, together with judgment interest, which were so needlessly incurred as a result of Defendants' breach;

C.    Award whatever additional and alternate relief this Honorable
Court deems appropriate, under the facts and circumstances
presented.

COUNT V
**INJUNCTIVE RELIEF**
**(as against all named Defendants)**

88.    The Plaintiff, EDWARD P. MANTURUK, hereby incorporates by
reference the foregoing paragraphs 1 through 87, as though fully set forth
herein, and making this Count V, states as follows:

89.    MANTURUK has notified Defendant that Defendants are in default of
their obligations under the Annuity Agreements, and the notice was provided
pursuant to the Annuity Agreements.

90.    Defendants did not cure their default within the time specified
in the Annuity Agreements.

91.    MANTURUK has deemed the Annuity Agreements canceled, pursuant to
the terms and conditions of the Annuity Agreement.

92.    Defendants' rights to the funds invested in the Annuity
Agreements have terminated.

93.    Defendant is without right or privilege to continue to use the
invested annuity funds.

94.    MANTURUK is entitled to possession of the invested annuity funds.

95.    Defendants continue to profit or to otherwise earn revenue from
their use of the invested annuity funds. Defendants hold such profits,
revenues, and/or commissions in constructive trust for MANTURUK from and
after the date of Defendants' default under the Annuity Agreements, until
such time as the invested annuity funds are returned to MANTURUK and
Defendants have discontinued their use of the invested annuity funds.

96.     MANTURUK has been damaged, as a result of the wrongful use by Defendants of the invested annuity funds, subsequent to the default under the Annuity Agreements.

97.     MANTURUK is without an adequate remedy at law to compensate him for the wrongful retention and use of the invested annuity funds by Defendants, inasmuch as the invested annuity funds provided a source of retirement income to the holder of the invested annuity funds.

98.     The issuance of a preliminary injunction and a permanent injunction is necessary to prevent the continued harm caused by the wrongful holding of the invested annuity funds by Defendants.

99.     The relative harm to MANTURUK in the absence of an injunction is greater than the relative harm to Defendants if an injunction is issued.

100.    MANTURUK can demonstrate a strong likelihood of success on the merits of this action.

101.    Defendants will not be harmed by the issuance of an injunction, inasmuch as Defendants agreed in the Annuity Agreements that MANTURUK would be entitled to the return and possession of the invested annuity funds, in the event of a default by Defendants.

102.    WHEREFORE, Plaintiff, MANTURUK, respectfully requests this Honorable Court to grant the following relief:

   A. Enter Judgment in favor of MANTURUK and against Defendants, in whatever amount Plaintiff is found to be entitled; for profits, revenues and/or commissions wrongfully earned by Defendants through its wrongful use of the invested annuity funds;

   B. Issue a preliminary injunction barring Defendants from use of the invested annuity funds during pendency of this action;

   C. Issue an preliminary injunction ordering Defendants to surrender to MANTURUK possession of the invested annuity funds without imposition

FIRST AMENDED COMPLAINT - 17

of penalties, surrender fees, or other costs and including all

interest earned to date under the Annuity Agreements

D. Award Plaintiff his reasonable costs and attorney fees, together

with judgment interest, which were so needlessly incurred as a

result of Defendants' breach;

E. Award whatever additional and alternate relief this Honorable Court

deems appropriate, under the facts and circumstances presented.

COUNT VI.
**MICHIGAN CONSUMER PROTECTION ACT,**
**MCL 445.901 et seq., MSA 19.418 (1) et seq.**
**(as against all named Defendants)**

103.    The Plaintiff, EDWARD P. MANTURUK, hereby incorporates by

reference the foregoing paragraphs 1 through 102, as though fully set

forth herein, and making this Count VI, states as follows:

104.    Defendant agents in their various capacities, made material

representations and omissions regarding the beneficial interests,

characteristics and type of policies, payout terms and conditions, and

guarantees related to the sale of annuities that were false and

misleading constituting unfair, unconscionable, or deceptive methods,

acts, or practices in the conduct of trade or commerce.

105.    Defendant agents' conduct was and is unlawful under the Michigan

Consumer Protection Act, and specifically pursuant to MCL 445.903

Section 3(1)(g), (k), (n), (q), (s), (t), (u), (v), (y), (bb), and

(cc).

106.    WHEREFORE, Plaintiff, MANTURUK, respectfully requests this

Honorable Court to grant the following relief:

A. Enter Judgment in favor of MANTURUK and against Defendants, in

whatever amount Plaintiff is found to be entitled;

FIRST AMENDED COMPLAINT - 18

B. Award whatever additional and alternate relief this Honorable

Court deems appropriate, under the facts and circumstances

presented.

//

//

Respectfully submitted,

EUGENIA ZACKS-CARNEY, ESQ.
(Cal. Bar 181811)
Attorney for Plaintiff
4555 Marlborough Road
Okemos, MI 48864
Telephone/Fax (517) 349-8813

Dated: January 21, 2003

FIRST AMENDED COMPLAINT - 19

## PRESENT VALUES FOR EDWARD MANTURUK
## AUGUST 2002

| Company | ISSUE DATE | Policy # | Policy Type | Original Deposit | Gross Accum Value | Current Interest Credited |
|---|---|---|---|---|---|---|
| **EDWARD** | | | | | | |
| *Midland* | Aug/01 | 8500030733 | Annuity | $29,767 | $32,793 | 5.00% |
| | Oct/01 | 5500042814 | Annuity | $135,599 | $148,363 | 5.00% |
| *Allianz* | | | | | | |
| Edward | Jan/99 | 6797872 | Annuity | $123,300 | $155,082 | 3.75% |
| Edward | Nov/99 | 6199722 | Annuity | $117,700 | $147,204 | 4.75% |
| Edward | Jan/99 | 6797917 | Bonus Annuity | $100,000 | $125,776 | 4.75% |
| *American Investors* | | | | | | |
| Edward | sep/96 | 287141 | Annuity | $143,096 | $181,349 | xchanging |
| Edward | Jan/94 | 291294 | Annuity | $114,960 | $144,416 | xchanging |
| **CHILDREN** | | | | | | |
| *Midland* | | | | | | |
| Tim | Feb/97 | 1502151032 | Annuity | $20,000 | $37,911 | 3.76% |
| Chris | Feb/97 | 1502158185 | Annuity | $20,000 | $37,911 | 4.75% |
| Eric | Feb/97 | 1502151031 | Annuity | $20,000 | $37,911 | 4.75% |
| **GRANDCHILDREN** | | | | | | |
| *Allianz* | | | | | | |
| Tristan | Oct/99 | $6,185,361.00 | Bonus Annuity | $20,000.00 | $24,941.00 | $0.05 |
| Michael | Oct/99 | 6216196 | Bonus Annuity | $20,000 | $24,541 | 4.70% |
| Tamara | Oct/99 | 6216284 | Bonus Annuity | $20,000 | $24,975 | 6.75% |
| Trevor | Oct/99 | 6216210 | Bonus Annuity | $20,000 | $24,975 | 4.75% |
| *Transamerica* | | | | | | |
| Elizabeth | Nov/00 | 7357886 | Annuity | $20,950 | $24,527 | |
| **OTHERS** | | | | | | |
| *Allianz* | | | | | | |
| Dillon | Oct/99 | 6176437 | Bonus Annuity | $10,000 | $12,672 | 5.00% |
| Sean | Oct/99 | 6176426 | Bonus Annuity | $10,000 | $12,572 | 5.00% |

EDWARD GR VALUE:     $934,982
ALL OTHERS':     $263,236
PAGE TOTAL     $1,198,218