

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**FILED**
JAN 3 1 2005
CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

EDWARD P. MANTURUK,

    Plaintiff,

-vs-

MIDLAND NATIONAL LIFE
INSURANCE COMPANY et al.,

    Defendants.
_____/

CASE NO. 02-73905

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

### ORDER (1) TREATING MAGISTRATE JUDGE SCHEER'S FINDINGS AND CONCLUSIONS AS A REPORT AND RECOMMENDATION UNDER FED.R.CIV.P.72(b) AND (2) GRANTING PLAINTIFF AN OPPORTUNITY TO FILE OBJECTIONS UNTIL FEBRUARY 10, 2005

On September 27, 2002, Edward Manturuk ("Plaintiff") commenced this action, alleging, *inter alia*, breach of fiduciary duty, breach of contract, and fraud in connection with his purchase of annuities through Defendants James R. Chaffee and Chaffee & Associates. On August 16, 2004 this Court entered an Opinion and Order (1) Granting Defendants' Motion to Enforce Oral Settlement Agreement; and (2) Dismissing the Case with Prejudice.

On September 27, 2004 Defendants filed a post-judgment motion for discovery sanctions. On October 4, 2004, this Court entered an Order referring Defendants' Post-Judgment for Sanctions ("Sanctions Motion") to Magistrate Judge Scheer for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A) ("Referral Order"). On November 5, 2004, Magistrate

Judge Scheer entered an Order ("Sanctions Order") after hearing oral argument, granting the Sanctions Motion and awarding attorney's fees and expenses of $12,315.01 to Midland National Life Insurance Co. ("Midland"), $4,755.31 to James R. Chaffee and Chaffee & Associates (collectively "Chaffee").

Plaintiff now brings a Motion for Fed.R.Civ.P. 72 Review/Appeal of the Sanctions Order. Plaintiff requests that the Court vacate the Sanctions Order as being made without jurisdiction, and upon *de novo* review deny Defendants' motion for sanctions. Defendants, on the other hand, request that the Court treat the Sanctions Order as a report and recommendation of Magistrate Judge Scheer to be reviewed *de novo* and then issue a final order affirming Magistrate Judge Scheer's disposition.

Federal Rule of Civil Procedure 72 (a) provides that a magistrate judge may hear and determine nondispositive matters and enter "a written order setting forth the disposition of the matter." *Id.* Federal Rule of Civil Procedure 72(b) governs dispositive matters and provides that a magistrate judge a "may enter into the record a recommended disposition of the matter, including proposed findings of fact when appropriate." *Id.*

The Court finds that under controlling Sixth Circuit precedent, the Referral Order should have been for a "report and recommendation" under § 636(b)(1)(B) and Fed.R.Civ.P. 72(b). The Sixth Circuit in *Massey v. City of Ferndale*, 7 F.3d 506 (6th Cir. 1993) held that a Fed.R.Civ.P. 37 Sanctions Motion is dispositive, and therefore should be referred to the Magistrate Judge under § 636(b)(1)(B) for a "hearing and determination."

28 U.S.C. § 636(b)(1) (A) provides:

(A) A judge may designate a magistrate to hear and determine any pretrial matter pending

2

before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's order is clearly erroneous or contrary to law.

§ 636(b)(1)(B) provides:

a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A) of applications for postrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.

The Court will treat the Sanctions Order as a Report and Recommendation. *Massey v. City of Ferndale*, 7 F.3d 506 (6th Cir. 1993) is instructive. In *Massey*, the magistrate judge entered an order which denied Rule 11 sanctions sought by Defendant but granted attorney's fees and costs. The district court denied plaintiff's motion to reconsider that ruling. The plaintiffs appealed, and the Sixth Circuit held that the magistrate judge lacked jurisdiction to rule upon post dismissal motions for sanctions. The Sixth Circuit held that the sanctions motion was not a pretrial matter under §636(b)(1)(A), and that the motion was not dispositive of a claim under Federal Rule of Civil Procedure 72(b). The Sixth Circuit stated:

the district court did not properly treat the order of the magistrate judge as a finding and recommendation to be reviewed *de novo* and *then determined*. Indeed, the matter was referred to the magistrate judge 'for hearing *and determination* pursuant to 28 U.S.C. section 636(b)(1)(A).' Though the district court 'affirmed' the decision of the magistrate judge, it did not 'conduct the required review and then issue a final order.' The district court never specifically 'ordered' that the findings and recommendations be 'adopted.' Rather, it noted that it 'concurred in and adopted' the magistrate judge's order having specifically reviewed only for clear error.

*Id.* at 510. (Emphasis in original).

Accordingly, pursuant to *Massey* the Court treats the Sanctions Order as a finding and recommendation to be reviewed *de novo* and then decided by the Court. The Court finds that because a significant portion of Plaintiff's pleadings address the Referral Order's lack of jurisdiction and not the substance of Defendants' Sanction Motion, the Court will allow Plaintiff to file objections to Magistrate Judge Scheer's findings pursuant to Fed.R.Civ.P. 72(b) and E.D. LR 72.1(d)(2). Plaintiff's objections must be filed by February 10, 2005. Failure to file the objections within the specified time constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140 (1985). Pursuant to E.D. LR 72.1(d)(2), a copy of the objections is to be served upon Magistrate Judge Scheer.

Within ten (10) days of service of Plaintiff's timely filed objections, Defendants may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections. The objections or response shall not be more than ten (10) pages in length.

**SO ORDERED.**

_____
PAUL D. BORMAN
UNITED STATES DISTRICT COURT JUDGE

Dated: JAN 3 1 2004
Detroit, Michigan