UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD P. MANTURUK,

        Plaintiff,                        CASE NO. 02-73905

-vs-                                       PAUL D. BORMAN
                                            UNITED STATES DISTRICT JUDGE

MIDLAND NATIONAL LIFE
INSURANCE COMPANY et al.,

        Defendants.
_____/

### ORDER: (1) DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND OR FOR RELIEF FROM JUDGMENT; AND (2) CORRECTING CLERICAL OVERSIGHT PURSUANT TO RULE 60(a)

Plaintiff brings a Motion to Alter to Amend or For Relief From Judgment ("Plaintiff's Motion") pursuant to Federal Rules of Civil Procedure 59(a) and 60(a) and (b).  On April 22, 2005, this Court issued an Order Denying Plaintiff's Motion for Enlargement of Time, or in the Alternative, Motion for Partial Reconsideration of the Court's January 31, 2005 Order, and Accepting Magistrate Judge Scheer's Sanctions Order and Entering it as the Conclusions and Findings of the Court ("April 22, 2005 Order").  The procedural history of Plaintiff's Motion is set forth below.

On November 5, 2004, Magistrate Judge Scheer entered an Order after hearing oral argument, granting the Defendants' Motion for Sanctions ("Sanctions Order") and awarding attorney's fees and expenses to the Defendants.

1

On November 16, 2004 Plaintiff brought a Motion for a Federal Rule of Civil Procedure 72(a) Review/Appeal of the Sanctions Order. On January 31, 2005 this Court issued an Order (1) Treating Magistrate Judge Scheer's Findings and Conclusions as a Report and Recommendation under Fed. R. Civ. P. 72(b) and (2) Granting Plaintiff an Opportunity to File Objections by February 10, 2005.

On February 10, 2005 Plaintiff filed a motion requesting an extension under Federal Rule of Civil Procedure 6(b), or in the alternative a motion for partial reconsideration of the January 31, 2005 Order to allow Plaintiff additional time to file his objections without waiving his appellate rights. Plaintiff sought an extension because he alleged that the transcript of the October 28, 2004 hearing before Magistrate Judge Scheer was unavailable before the Court imposed deadline. The found that there was no good cause under Federal Rule of Civil Procedure 6(b) to enlarge the Court imposed deadline in its April 22, 2005 Order.

Plaintiff instantly requests relief from the Court's April 22, 2005 Order denying Plaintiff's request for enlargement of time to file objections to Magistrate Judge Scheer's Report and Recommendation. Plaintiff brings his motion pursuant to Federal Rules of Civil Procedure 59(a) and 60(a) and (b). Rule 59(a) provides:

> ...the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment.

Fed.R.Civ.P. 59(a).

Rules 60(a) and (b) provide in pertinent part:

(a) Clerical Mistakes. Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from the oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders.

> (b) Mistakes, Inadvertance; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for ... (1) mistake, inadvertence, surprise, or excusable neglect; ... or (6) any other reason justifying relief from the operation of the judgment.

Fed.R.Civ. P. 60(a), (b).

Plaintiff argues that the Court erroneously denied its request for additional time on based upon an incorrect finding that the October 28, 2004 transcript was available on February 10, 2005. The Court rejects Plaintiff's contention. The Court was fully aware of the record when issuing its April 22, 2005 Order. As the Court set forth in its April 22, 2005 Order:

> The parties have been litigating this issue of sanctions since September, 2004, and the Plaintiff could have filed her objections based upon the pleadings already in his possession to comply with the Court's deadline, and then sought additional time to file any transcript related objections.

(April 22, 2005 Order at 2). Regardless of the availability of the transcript, it is well established that Plaintiff failed to comply with the Court's deadline by filing objections. Plaintiff failed to meet the Court's deadline, which should be noted that the Court granted after Plaintiff already had the opportunity to respond to Defendants' initial motion for sanctions filed on September 27, 2004, and argue before Magistrate Judge Scheer on October 28, 2004. The Court appropriately denied Plaintiff's Motion for an enlargement of time. Plaintiff's Motion is DENIED.

However, the Court in its discretion, pursuant Federal Rule of Civil Procedure 60(a), *infra,* will correct a clerical oversight in the April 22, 2005 Order which incorrectly recited the attorney's fees and expenses to be paid pursuant to Magistrate Judge Scheer's Sanctions Order. The April 22, 2005 Order shall be corrected to include $4,755.31 in attorneys' fees and expenses to be paid to Allianz Life Insurance Company and $4,968.50 in attorney's fees and expenses to be paid to James R. Chaffee and Chaffee & Associates in conformity with Magistrate Judge

3

Scheer's Sanctions Order.

**SO ORDERED.**

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: July 8, 2005

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on July 8, 2005.

s/Jonie Parker
Case Manager